William Loneal Drake v. Commissioner.
Drake v. Commissioner
Docket No. 26527.
United States Tax Court
1952 Tax Ct. Memo LEXIS 46; 11 T.C.M. (CCH) 1086; T.C.M. (RIA) 52319; October 31, 1952
*46 Taxable income for the years 1946, 1947 and 1948 determined. George E. Trawick, Esq., for the petitioner. Homer F. Benson, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion The respondent determined the following deficiencies in income tax, and fraud penalties: Calendar
Years
Deficiency
50% Penalty
1946
$3,876.19
$1,938.09
1947
1,691.90
845.95
1948
1,267.37
633.69
The basis for the deficiencies is unreported income computed under the increase in net worth method. The fraud penalties are asserted under section 293(b), Internal Revenue Code. The petitioner alleges error for each year asserting that there were no deficiencies and that the returns were not false or fraudulent with intent to evade tax. Findings of Fact The petitioner, a physician residing in Fairfield, Alabama, filed his individual income tax returns for the taxable years 1946 through 1948 with the collector of internal revenue for the district of Alabama, Birmingham, Alabama. The petitioner has been engaged in the general practice of medicine in Jefferson County, Alabama, since 1928 with the exception of the *47 period September, 1942 through December, 1943, when he served as a Captain in the United States Army. In addition to the general practice of medicine, the petitioner performed some surgery, mostly tonsilectomies. His practice extended generally among the negro population of Jefferson County, Alabama. The petitioner's adjusted gross income and net income as reported for each of the taxable years in question was as follows: Adjusted
Gross Income
Net Income
Year
as Reported
as Reported
1946
$4,372.50
$ 977.74
1947
785.76 [1]
0
1948
(1,738.57)
(1,738.57)
The income as reported for these years is in accord with the petitioner's income as shown on his books of account. A public accountant prepared the income tax returns for the taxable years 1947 and 1948 from the taxpayer's books of account. The respondent has rejected the computation of the petitioner's income for the taxable years in question from the books of account, and has recomputed the petitioner's income by what is commonly known as *48 the increase in net worth method. Except for this rejection, the respondent has not adjusted the net income as reported by the addition of any particular item of income or by the disallowance of any deduction. The parties agree, and we find, that the assets, other than cash, held by the petitioner as of December 31, 1945, 1946, 1947 and 1948 had a total value of $37,525.26, $53,631.43, $70,945.41, and $69,266.16, respectively; that the petitioner had liabilities totaling $6,375 as of December 31, 1948; and that the petitioner's cash holdings as of December 31, 1947 and 1948 totaled $5,189.38 and $7,025, respectively. The petitioner's cash holdings as of December 31, 1945 and 1946 were determined by the respondent to be $3,229.45 and $931.93, respectively. We find that as of these dates petitioner's cash holdings were as claimed by him $33,689.50 and $17,691, respectively. The petitioner's net worth as of December 31, 1945, 1946, 1947 and 1948 was $71,214.76, $71,322.43, $76,134.79 and $69,916.16. During the years 1946 through 1948, the petitioner expended $1,500 per year for living expenses. In addition, the petitioner expended $1,771.96 in 1946 in payment of a deficiency in *49 his income tax liability for 1945; $285.58 in 1947 in payment of a deficiency in income tax liability for 1944; and $1,000 in 1948 in payment of a fine imposed by a Federal court after his pleas of nolo contendere to a narcotics charge. The assets included in the computation of the petitioner's net worth depreciated in the total amounts of $1,031.25, $1,179.23, $2,212.69, and $3,717.41 for the years 1945 through 1948, respectively. This depreciation was not taken into account in valuing the assets at the end of the respective years. The cash and other assets held by the petitioner on December 31, 1945, represented accumulations over a period of years. In October, 1942, the petitioner held approximately $38,500 in cash, of which $1,000 was in a savings account in Alabama. At of about this time, he used $7,500 of the cash in hand to buy U.S. savings bonds. These bonds, together with approximately $30,000 in cash, were left by petitioner with his father in Detroit while he was serving in the Army. Upon petitioner's discharge from the Army in December, 1943, his father returned to him the cash and bonds that had been left with the father for safekeeping. While in the military service, *50 the petitioner saved his military pay in the approximate amount of $4,000. During the years 1944 and 1945, the petitioner's net income from the practice of medicine and from business investments totaled approximately $6,000 and $9,000, respectively. The taxable income of the petitioner for the years 1946, 1947 and 1948 was substantially as reported in his income tax returns filed for those years. Opinion ARUNDELL, Judge: The respondent has determined that the petitioner's taxable income during the years 1946 through 1948 was substantially in excess of that reported and, further, that the resulting deficiencies determined by him were due to fraud with intent to evade tax. [2] In reaching this determination, the respondent has refused to accept the computation of taxable income based on the petitioner's books of account, and has resorted to what is commonly known as the increase in net worth method for computing his taxable income. The respondent does not establish any source of taxable income that would account for the difference in taxable income as reported and that determined by him. *51 Although the petitioner has at all times contended that his books of account and records are sufficiently adequate for the purpose of computing his taxable income for the years in question, he has nonetheless submitted net worth statements for the years ending December 31, 1945 through 1948. The respondent now agrees that those statements are correct except for the cash on hand on December 31, 1945 and 1946, which is shown as $33,689.50 and $17,691, respectively. The respondent contends the cash totaled only $3,229.45 and $931.93 as of those respective dates. The petitioner has testified that as of these respective dates his cash holdings were as shown on his net worth statements. There is support in the record for the petitioner's testimony that he had a substantial amount of cash on hand in 1942, which appears to be the date used by both parties as a starting point, although there is no corroboration as to the exact amount. The respondent's determination of the amount of cash on hand as of December 31, 1945, is based on a computation that begins as of October, 1942, and has as a starting figure a total cash holding of only approximately $4,000. There appears to have been only *52 two people who knew the exact amount of the petitioner's cash holdings at the time he visited his father in October, 1942. They are the petitioner and his father. The petitioner has testified that in October, 1942, he left his father for safekeeping approximately $30,000 in cash and the U.S. savings bonds he had recently purchased. While there is intimation in the record that the respondent obtained this starting figure of $4,000 as a result of conversations with the petitioner's father, the respondent has not offered the testimony of the father to contradict the testimony of the petitioner which he now urges us to reject. The only evidence as to the amount of cash on hand in October, 1942, and on December 31, 1945 and 1946 is the petitioner's own testimony and, in the absence of evidence to the contrary or other sufficient reason for rejecting this testimony, we feel it should be accepted. This is especially true in view of the respondent's failure to establish any source of taxable income that would account for the additional income he computed with his net worth statements that showed the lesser cash holdings. Certainly there is nothing in the record to suggest that during the *53 taxable years in question the petitioner's professional fees or income from business activities were such as to account for the large additions to income determined by the respondent. The cash holdings of the petitioner as of the beginning of 1946, which we have found to be in the amount claimed by him, were sufficient to cover the purchase of the assets acquired in 1946, and the remaining cash which he had on hand at the beginning of 1947 was, together with his reported earnings, sufficient to account for the purchases of other properties in 1947 and 1948. Moreover, after making the adjustments for depreciation, living expenses, and other expenditures set out in our findings, no substantial increase in net worth over the reported income is apparent. The respondent suggests that the petitioner's returns for the taxable years prior to those in question do not report sufficient taxable income to account for the petitioner's net worth as of December 31, 1945. We are concerned only with the years before us and there is nothing in the record from which we could determine whether the petitioner's returns in prior years were correct or incorrect. The petitioner has practiced medicine *54 since 1928 and although his fees appear to have been most modest because of the financial circumstances of his Negro patients, it also appears that his way of life was frugal. Since we hold that there are no deficiencies in the income tax liability of the petitioner for any of the taxable years in question, the fraud penalties asserted for those years under section 293 (b) of the Code fall accordingly. Decision will be entered for the petitioner. Footnotes
1. For the taxable year 1947 the petitioner reported a net gain of $4,065.60 from his profession and a net loss of $3,279.84 from business activities.↩
2. SEC. 293. ADDITIONS TO THE TAX IN CASE OF DEFICIENCY. (b) Fraud. - If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3612 (d) (2).↩